Catron, Ch. J.
delivered the opinion of the court.
If the three brothers were dead, and if the lessors of the plaintiff, the nephews and nieces of the grantee, are the only survivors of the family, they are the heirs. The evidence of Walker was therefore directly relevant. Was it legal in other respects? The witness says he knew the three Flowers’, and as far as he had knowledge, they were reputed brothers. This was rather a particular mode of expression, than a circumstance from which want of information could be inferred. The witness inhabited the same town with the Flowers, and the jury could well judge the extent of knowledge. David and Thomas died in the town, and died without issue. As to the relationship, the witness says the Flowers were *496 reputed and concluded to be brothers, and that David , , and Thomas were concluded and reputed to have died without issue; and to the best of witness’ knowledge they died in the town of Wilmington. Whether they died at the place matters nothing; reputation said they had died. But the ojection rests itself on this: the witness does not say it was generally reputed and concluded. The expressions used by the witness can mean nothing less. In the State vs. Ewell, determined at the last term of this court at Nashville, the defendant was charged with incest; the relationship of the offending female was of course necessary to be proved. The witness was asked if he knew Dabney Ewell, the defendant, and Pleasant Ewell and Pleasant Ewell’s daughter. He answered, he did. Were Dabney and Pleasant Ewell brothers, and was A. the daughter of Pleasant Ewell, he was next asked. They were so reputed, was the answer. The competency of the evidence was not called in question, on the ground that it wanted legal certainty, but because it was insisted, marriages and birthg must, in a case like that, be proved. The court held the evidence competent. Reputation of 'pedigree is the result of the public mind, founded upon actual knowledge of the whole community; and experience and knowledge in the nature and habits of man teach the un erring certainty of the public knowledge and conclusion in relation to family history. Individuals may fail in their investigations of particular facts; but where marriages, births and deaths are the facts to be learned, human curiosity saves us the trouble and expense of proving the occurrences by witnesses present, or by the hearsay of those who were, or of the family connexion. No individual investigations or testimony can generally be equal in certainty to the curious’ scrutiny; and if secrecy be attempted, public curiosity sets on foot an anxious search for the truth. General reputation of such facts is not only competent, but highly credible, 3 *497 Stark. Ev. 1117, Title Pedigree. The form in which 'the witness states his knowledge, obtained from general reputation, of the relationship and death of the Flowers’, might have been more technically stated, yet we think the deposition was clearly competent evidence to go to the jury: the judgment must be reversed and the cause remanded for another trial.
Judgment reversed..